UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BOYEDE OLAJIDE,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN,<br><br>Defendant. | Case No. 18-cv-04823-WHO<br><br>**ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT AND DENYING TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 2, 3 |

Currently before me are plaintiff's request to proceed in forma pauperis (IFP) and his request for a Temporary Restraining Order (TRO) to stop the Governor and the State of California from depriving him of his constitutional rights. Dkt. Nos. 2, 3. Plaintiff, proceeding pro se, is a frequent litigant in this Court. *See* Case No. 18-3991, Dkt. No. 6 (detailing sixteen cases plaintiff has filed in this Court against Governor Brown and the Attorney General of California, accusing them of violating his civil rights). This is Olajide's fourth case filed since June 2018 against Governor Brown. *See* Case No. 18-4225, Case No. 18-3991, Case No. 18-3151.

A complaint filed by any person proceeding, or seeking to proceed, IFP under 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). Having reviewed plaintiff's complaint, I find that it is frivolous and fails to state a cognizable claim for relief. Therefore, while I GRANT plaintiff's Motion for IFP status, I DISMISS this case as frivolous and for its failure to state a claim upon which relief may be granted, and DENY AS MOOT the Motion for a TRO.

The Complaint before me, as his complaints in his prior cases, is rambling and difficult to understand. He generally complains, as in a number of his prior cases, about the treasurer of the State of California and the Federal Reserve Bank misusing "commercial paper." The most specific of his allegations center on claims that the State of California is using plaintiff's "personal estate by their commercial appropriation" of his "names and likenesses for their profit and without

his consent" though the state's use of identity cards and drivers licenses, impinging his right to travel and make and enforce contracts. *See generally* Complaint (Dkt. No. 1); *see also* TRO (Dkt. No. 2). Before plaintiff is free to travel or free to transact business in the state, plaintiff claims he is compelled to "work for the state." He asserts causes of action for "peonage"; violation of 42 U.S.C. §§ 1981, 1983, 1985; equal protection; and appropriation/name taking.

These are the same allegations and claims Olajide made in Case No. 18-4225. That case was dismissed without leave to amend because the allegations were frivolous and fanciful. Case No. 18-4225, Dkt. No. 6 (July 16, 2018 Order). So too here. I dismiss Olajide's claims because they are implausible. While he alleges, in effect, that the state forced him to do "physical and mental" work he fails to specify what work he was compelled to do. Compl. ¶ 19. He also alleges that the DMV and the state appropriated his property but, tellingly, does not explain why the state purportedly did so when it seems more plausible that he was providing, *e.g.*, his name, fingerprints, and so forth in order to obtain a service from the DMV or other state agency. Compl. ¶ 10. Also as noted in Case No. 18-4225, with respect to Olajide's claims for injunctive relief, there are standing problems and irreparable injury is questionable. *See* July 16, 2018 Order in Case No. 18-4225 at 3 (citing cases).

Because his allegations are frivolous and fanciful, with the added reason that they are similar to ones he made in prior dismissed cases, this case too is DISMISSED, and dismissed without leave to amend.[1] *Cato v. U.S.*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims.'").

**IT IS SO ORDERED.**

Dated: August 23, 2018

William H. Orrick
United States District Judge

---

[1] If Olajide believes that his prior cases that were based on the same allegations and claims raised here were dismissed in error, his remedy is to appeal those dismissals to the Ninth Circuit. He cannot simply refile the same claims based on the same or substantially similar allegations.

2